# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 7, 2010

No. 08-20654
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO ORTUNO-SANTANA, also known as Roberto Ortuno, also known as Aristeo Reyna Villafuerte, also known as Aristeo Duque Villafuerte, also known as Aristeo Villafuerte-Duque,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-151-ALL

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Ortuno-Santana appeals the 37-month sentence imposed following his guilty plea conviction for illegal reentry following deportation after having been convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a), (b)(2). He argues that the district court plainly erred in enhancing his base offense level by 12 levels under U.S.S.G. § 2L1.2(b)(1)(B) based on his 1996 Louisiana conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of marijuana with intent to distribute.  He contends that the prior sentence of five years of probation did not qualify as a "sentence imposed [of] 13 months or less" for purposes of the 12-level enhancement.

As Ortuno-Santana concedes, because this issue is raised for the first time on appeal, review is for plain error.  *See United States v. Rodriguez-Parra*, 581 F.3d 227, 229 (5th Cir. 2009), *pet. for cert. filed* (Dec. 29, 2009) (No. 09-8336).  To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*,129 S. Ct. 1423, 1429 (2009).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The district court erred in increasing Ortuno-Santana's base offense level by 12 levels as a result of the prior conviction for which he received a sentence of five years of probation.  *See Rodriguez-Parra*, 581 F.3d at 229-30.  The error was clear or obvious in light of *Rodriguez-Parra.  See id*.; *see United States v. Gonzalez-Terrazas*, 529 F.3d 293, 298 (5th Cir. 2008). Although *Rodriguez-Parra* was decided after Ortuno-Santana was sentenced, "the error need only be plain at the time of appellate consideration."  *Gonzalez-Terrazas*, 529 F.3d at 298. Ortuno-Santana has shown a reasonable probability that, but for the misapplication of the Guidelines, he would have received a lesser sentence and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Price*, 516 F.3d 285, 289-90 & n.28 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 364-65 (5th Cir. 2005). Accordingly, we vacate sentence and remand for resentencing.

SENTENCE VACATED; CASE REMANDED.