**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS HUYOA-JIMENEZ, a.k.a.
Uriel Ayala-Guzman,

    Defendant-Appellant.

No. 09-1570

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 1:09-CR-00222-PAB-1)**

---

Paul Farley, Assistant United States Attorney (David M. Gaouette, United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

Kathleen Lord, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender, with her on the brief), Denver, Colorado, for Defendant-Appellant.

---

Before **MURPHY**, **BALDOCK**, and **BRORBY**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

    In this case, Defendant Carlos Huyoa-Jimenez illegally reentered the United

States after he was deported for committing a felony drug trafficking offense for

which he received an entirely suspended sentence.[1] This appeal requires us to decide whether, when sentencing such a defendant, a district court should apply a twelve-level enhancement for prior felony drug trafficking convictions "for which the sentence imposed was 13 months or less" under U.S.S.G. § 2L1.2(b)(1)(B) or an eight-level enhancement for aggravated felonies under § 2L1.2(b)(1)(C). Taking jurisdiction under 28 U.S.C. § 1291, we conclude that when a defendant has received an entirely suspended sentence for a prior felony drug trafficking offense, no sentence is "imposed," and the district court should apply the eight-level enhancement. We therefore remand this case to the district court with instructions to vacate Defendant's sentence and re-sentence him in accordance with this opinion.

I.

In 2001, Defendant Carlos Huyoa-Jimenez, a Mexican citizen, pled guilty in Idaho state court to possession of a controlled substance with intent to distribute. He received an entirely suspended one- to four-year sentence of imprisonment and four years of unsupervised probation for this offense and was deported to Mexico three days later. Defendant reentered the United States without authorization and was arrested on state charges in Colorado in 2008. After Defendant pled guilty to

---

[1] As the district court explained, for Defendant's previous felony drug trafficking offense, "he was sentenced to one to four years' imprisonment, but that sentence was suspended and he was instead sentenced to four years of unsupervised probation. So he was not sentenced to any time on that particular case at all." R. Vol. 2, Pt. 2 at 14.

those charges and began serving time in Colorado, the federal government indicted Defendant on one count of illegal reentry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). Defendant entered a guilty plea to this offense. Among the disputed factors included in the plea agreement's calculation of Defendant's sentencing range was the twelve-level increase under § 2L1.2(b)(1)(B) for Defendant's prior felony drug trafficking conviction.

The relevant portions of U.S.S.G. § 2L1.2 provide: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . (B) a conviction for a felony drug trafficking offense *for which the sentence imposed was 13 months or less*, increase by **12** levels; (C) a conviction for an aggravated felony, increase by **8** levels . . . ." U.S. Sentencing Guidelines Manual § 2L1.2(B)–(C) (2008) (emphasis added). The Application Notes to this provision, added in a 2003 amendment, state:

> "Sentence imposed" has the meaning given the term "sentence of imprisonment" in Application Note 2 and subsection (b) of § 4A1.2 (Definitions and Instructions for Computing Criminal History), without regard to the date of conviction. The length of the sentence imposed includes any term of imprisonment given upon revocation of probation, parole, or supervised release.

Id. § 2L1.2 cmt. n.1(B)(vii) (2008). Section 4A1.2(b)(1), in turn, provides: "The term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." The application notes to § 4A1.2 state: "To qualify

3

as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence . . . ." Id. § 4A1.2 cmt. n.2 (2008).

Defendant objected, both to the presentence report and at sentencing, to the application of the twelve-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B). He argued, as he does on appeal, that the twelve-level enhancement should only be applied to defendants who served an actual period of imprisonment or incarceration for their prior felony drug trafficking convictions. Thus, he says, a defendant convicted of a felony drug trafficking offense who served no time of incarceration for that offense should receive the eight-level enhancement for aggravated felonies. The Government contended, as it does on appeal, that an entirely suspended sentence is a sentence of zero months of imprisonment. Reasoning that zero months is less than thirteen months, the Government argues this means Defendant should receive the twelve-level enhancement even though he never served any term of imprisonment for his felony drug trafficking offense.

At sentencing, the district court noted the interpretation of this section was a "close question." The court found that an ambiguity existed "within 2L1.2(b)(1) as to whether a[n entirely suspended] conviction such as [Defendant] here has . . . falls within subsection (A), (B), or (C)." R. Vol. 2, Pt. 2 at 16. Following the Government's reasoning, the district court looked to the Commission's 2001 reason for amendment to determine its intent in creating the graduated scheme of enhancements. Before the 2001 amendment, all defendants with prior aggravated

4

felony convictions received a sixteen-level enhancement. In 2001, the Commission amended § 2L1.2(b)(1) to include the present scheme of enhancements in an effort to make sentences more fair. In its reason for amendment, the Commission explained:

> This amendment responds to concerns . . . that § 2L1.2 (Unlawfully Entering or Remaining in the United States) sometimes results in disproportionate penalties because of the 16-level enhancement provided in the guideline for a prior conviction for an aggravated felony. The disproportionate penalties result because the breadth of the definition of "aggravated felony" provided in 8 U.S.C. § 1101(a)(43), which is incorporated into the guideline by reference, means that a defendant who previously was convicted of murder, for example, receives the same 16-level enhancement as a defendant previously convicted of simple assault. . . .
>
> This amendment responds to these concerns by providing a more graduated sentencing enhancement of between 8 levels and 16 levels, depending on the seriousness of the prior aggravated felony and the dangerousness of the defendant. In doing so, the Commission determined that *the 16-level enhancement is warranted if the defendant previously was deported, or unlawfully remained in the United States, after a conviction for certain serious offenses, specifically, a drug trafficking offense for which the sentence imposed exceeded 13 months . . . . Other felony drug trafficking offenses will receive a 12-level enhancement.* All other aggravated felony offenses will receive an 8-level enhancement.

Id. (emphasis added). The Government argued and the district court agreed that this text showed the Commission intended to distinguish between felony drug trafficking offenses with sentences greater than thirteen months, which merit the sixteen-level enhancement, and felony drug trafficking offenses with sentences of thirteen months or less, which merit the twelve-level enhancement. The court reasoned that an entirely suspended sentence of zero months' imprisonment was less than thirteen

5

months and applied the twelve-level enhancement. Accordingly, the court sentenced Defendant to thirty months' imprisonment and a three-year term of supervised release, to run consecutively with his Colorado sentence.[2] Defendant appealed his sentence, arguing the district court should have applied the eight-level enhancement.

## II.

We review de novo the district court's interpretation of the Sentencing Guidelines. United States v. Ford, 613 F.3d 1263, 1268 (10th Cir. 2010). The Government urges us to affirm the district court's conclusion that the twelve-level enhancement applies to Defendant because zero months is less than thirteen months and because, in the Government's view, the Commission intended all defendants with felony drug trafficking convictions to receive at least the twelve-level enhancement under § 2L1.2(b)(1)(B). We are not persuaded by this reasoning. The Government would have us interpret the relevant provisions so literally as to ignore the "sentence imposed" language in § 2L1.2(b)(1)(B). We cannot disregard the text of § 2L1.2(b)(1)(B) itself in favor of the Government's view of the Commission's purpose in adding the text. Though a proper interpretation of § 2L1.2(b)(1) requires us to read multiple sections of the guidelines as tax lawyers read multiple sections

---

[2] Using the twelve-level enhancement, the district court calculated Defendant's offense level of seventeen and criminal history category of III. This resulted in a sentencing range of thirty-seven to forty-six months. Had the district court instead used the eight-level enhancement, Defendant's offense level would have been thirteen, resulting in a sentencing range of eighteen to twenty-four months.

of the Internal Revenue Code to arrive at the proper meaning of the language, we are convinced Defendant has the better argument.[3] Section 2L1.2(b)(1)(B) specifies that district courts should apply the twelve-level enhancement when a defendant has "a conviction for a felony drug trafficking offense for which the sentence imposed was thirteen months or less." Note 1(B)(vii) to § 2L1.2 provides that "'sentence imposed' has the meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2 . . . ." Section 4A1.2(b) states that "[t]he term 'sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed." Application Note to § 4A1.2 explains: "To qualify as a sentence of imprisonment, the defendant must have *actually served* a period of imprisonment on such sentence." (emphasis added). Reading these provisions together, one after the other, as the Commission explicitly instructed, we conclude that a defendant whose entire sentence was suspended and who, therefore, has not "actually served a period of imprisonment" has had no "sentence imposed" that could trigger the application of the twelve-level enhancement under § 2L1.2(b)(1)(B). Instead, the eight-level enhancement for aggravated felonies applies.

---

[3] At oral argument, the parties discussed the applicability of the rule of lenity to this case. See United States v. Metzener, 584 F.3d 928, 934–35 (10th Cir. 2009) (explaining that the rule of lenity instructs courts to interpret ambiguous criminal statutes in favor of defendants). Though our analysis of this question requires a careful reading of multiple guidelines sections, we do not think the Sentencing Guidelines are so ambiguous as to require the application of the rule of lenity to resolve this appeal, regardless of whether Defendant preserved that argument.

We are not alone in reaching this conclusion. Both the Fifth and the Ninth Circuits have considered whether to apply an eight- or twelve-level enhancement to a defendant with a prior felony drug trafficking conviction whose entire sentence was suspended. Both reasoned that an entirely suspended sentence is not a "sentence imposed" and concluded the eight-level enhancement under § 2L1.2(b)(1)(C) should apply. United States v. Ortuno-Santana, 372 F. App'x 533 (5th Cir. 2010) (unpublished) (concluding it is plain error for a district court to apply the twelve-level enhancement to a defendant who received only probation for his prior felony drug trafficking conviction); United States v. Rodriguez-Parra, 581 F.3d 227, 229–30 (5th Cir. 2009) (concluding it was error but not plain error to apply a twelve-level enhancement to a defendant whose entire sentence was suspended); United States v. Alvarez-Hernandez, 478 F.3d 1060, 1066–67 (9th Cir. 2007) (concluding a defendant whose entire sentence for a prior drug trafficking conviction was suspended should receive the eight-level enhancement).[4]

Nonetheless, the Government urges us to follow the Second Circuit's decision in United States v. Mullings, 330 F.3d 123 (2d Cir. 2003). But we have reason to

_____

[4] District courts in our circuit have reached differing conclusions on this matter. In United States v. Rodriguez-Fuentes, 2006 WL 1304907 (D.N.M. 2006) (unpublished) and United States v. Cruz-Hernandez, 2007 WL 709045 (D.N.M. 2007), the district court of New Mexico applied the eight-level enhancement for prior aggravated felony convictions to defendants whose entire prior sentences had been probated or suspended. On the other hand, the Colorado district court in the instant case concluded the twelve-level enhancement applied.

8

think the Second Circuit's rationale is no longer persuasive authority for the issue presented in this case. In <u>Mullings</u>, the court reasoned that a sentence of zero months is clearly less than thirteen and that the Commission's reason for the 2001 amendment revealed that all felony drug trafficking offenses should receive at least the twelve-level enhancement. <u>Id.</u> at 125; <u>see also</u> U.S. Sentencing Guidelines Manual app. C, vol. II at 218 ("[T]he 16-level enhancement is warranted if the defendant previously was deported . . . after a conviction for . . . a drug trafficking offense for which the sentence imposed exceeded 13 months . . . . Other felony drug trafficking offenses will receive a 12-level enhancement."). Accordingly, the court held that "a non-custodial sentence requiring the [defendant] to pay only a monetary fine constitutes 'a conviction . . . for which the sentence imposed was 13 months or less' pursuant to U.S.S.G. § 2L1.2(b)(1)(B) . . ." and concluded the defendant should receive a twelve-level enhancement. <u>Id.</u> However, the Second Circuit issued its <u>Mullings</u> decision before the Sentencing Commission issued its 2003 amendments adding the cross-reference between § 2L1.2(b) and § 4A1.2 and so had to decide the case without the benefit of the Commission's definition of "sentence imposed." In contrast, we, like the Fifth and Ninth Circuits, decide this issue with the Commission's express definition of "sentence imposed." Thus, we can resolve this appeal by referring to the text of the relevant guidelines provisions, rather than "what the Sentencing Commission *might have been thinking*." <u>Alvarez-Hernandez</u>, 478

9

F.3d at 1067.[5]

Thus, we hold that a defendant who received an entirely suspended sentence for a prior felony drug trafficking conviction should receive an eight-level enhancement under § 2L1.2(b)(1)(C). We remand this case to the district court with instructions to vacate Defendant's sentence and re-sentence him in a manner consistent with this opinion.

---

[5] Notably, the Ninth Circuit originally cited <u>Mullings</u> with approval but rejected that reasoning when interpreting § 2L1.2(b)(1) after the Commission enacted the 2003 amendments. <u>Compare</u> <u>United States v. Hernandez-Valdovinos</u>, 352 F.3d 1243, 1249 (9th Cir. 2003) (citing <u>Mullings</u> in dicta for the proposition that if the twelve-level enhancement applied where a defendant received no sentence of imprisonment, it would apply where the defendant served two months' imprisonment as a condition of probation) <u>with</u> <u>Alvarez-Hernandez</u>, 478 F.3d at 1065–67 (concluding that when the Commission added the cross-references defining "sentence imposed," with knowledge that circuit courts had held that a defendant received a "sentence of imprisonment" only if he served time in custody, the Commission intended to make the twelve-level enhancement applicable only to defendants who served "actual jail time" for their felony drug trafficking convictions).