FILED
United States Court of Appeals
Tenth Circuit

June 4, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

JUAN FRANCISCO CARVAJAL-
ANDUJAR,

     Defendant - Appellant.

No. 24-2127
(D.C. No. 2:24-CR-00555-MIS-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **MURPHY**, and **MORITZ**, Circuit Judges.

_____

Defendant-Appellant Juan Francisco Carvajal-Andujar appeals his 30-month

sentence for illegal reentry. In 2022, Mr. Carvajal-Andujar was removed from the United

States after he was released from custody for a 2017 conviction for kidnapping and

indecent assault of a minor. In 2024, he was caught attempting to reenter the country

without authorization. At sentencing for the illegal reentry offense, his counsel argued for

a sentence at the bottom of his recommended sentencing range of 24 to 30 months. After

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

considering Mr. Carvajal-Andujar's arguments for a lower sentence, the district court pronounced a sentence of 30 months. On appeal, Mr. Carvajal-Andujar argues this sentence is procedurally unreasonable because (1) the district court miscalculated his sentencing range by applying a ten-level sentencing enhancement predicated on his 2017 conviction, and (2) the court did not adequately explain why it imposed a high-Guidelines sentence.

We hold that Mr. Carvajal-Andujar's sentence is procedurally reasonable. The district court properly applied the ten-level enhancement based on Mr. Carvajal-Andujar's 2017 conviction, for which he received a maximum sentence of six and a half years. And the court's explanation for the 30-month sentence was adequate under our precedent. Accordingly, we affirm.

## I.    BACKGROUND

Mr. Carvajal-Andujar is a citizen of the Dominican Republic who has lived in the United States since at least 2006. He has been removed from the country on two different occasions, in 2015 and 2022. In February 2024, U.S. Border Patrol agents discovered Mr. Carvajal-Andujar reentering the country near the United States–Mexico border in Dona Ana County, New Mexico. Upon being questioned, Mr. Carvajal-Andujar admitted he was not authorized to be in the United States. Consequently, Mr. Carvajal-Andujar was arrested for illegal reentry. He thereafter pleaded guilty to one count of illegal reentry in violation of 8 U.S.C. § 1326.

In preparation for Mr. Carvajal-Andujar's sentencing, a probation officer prepared a presentence investigation report ("PSR"), which detailed Mr. Carvajal-Andujar's

criminal record in the United States. As relevant here, Mr. Carvajal-Andujar was convicted in Massachusetts state court in December 2017 for one count of kidnapping and one count of indecent assault against a minor who was at least fourteen years old. According to the PSR, Mr. Carvajal-Andujar was convicted of these charges because he sexually assaulted a minor while he was armed with a dangerous weapon. Mr. Carvajal-Andujar was sentenced to an indeterminate term of four and a half to six and a half years. A month after completing that sentence, he was removed to the Dominican Republic in March 2022.

The PSR calculated a sentencing range for Mr. Carvajal-Andujar of 24 to 30 months, in accordance with the U.S. Sentencing Commission Guidelines ("U.S.S.G." or "Guidelines"). To determine that sentencing range, the PSR calculated a criminal history score of six, which placed Mr. Carvajal-Andujar in criminal history category III. Additionally, the PSR calculated an offense level of 15. To arrive at that number, the PSR began with a base offense level of 8; subtracted two levels for Mr. Carvajal-Andujar's acceptance of responsibility; subtracted one level for his timely decision to plead guilty; and added a ten-level sentencing enhancement under U.S.S.G. § 2L1.2. The sentencing enhancement was applied because Mr. Carvajal-Andujar was convicted of a felony "for which the sentence imposed was five years or more"—namely, the 2017 conviction. U.S. Sentencing Commission *Guidelines Manual*, § 2L1.2(b)(3)(A) (Nov. 2023). Mr. Carvajal-Andujar did not file any objections to the PSR's Guidelines calculation.

At the sentencing hearing, the district court told the parties it had reviewed the PSR. It then asked Mr. Carvajal-Andujar's counsel if he and his "client read and

3

discussed the [PSR]?" ROA Vol. III at 5. After counsel confirmed that he had reviewed the PSR with Mr. Carvajal-Andujar, the district court asked, "Any objections or corrections?" *Id.* Counsel responded, "No, Your Honor." *Id.*

The Government subsequently argued for "a high-end sentence of 30 months," based on Mr. Carvajal-Andujar's "history and characteristics." *Id.* The Government specifically noted that the allegations underlying Mr. Carvajal-Andujar's 2017 conviction for kidnapping and indecent assault were "extremely alarming and egregious." *Id.* at 5–6.

Mr. Carvajal-Andujar's counsel, on the other hand, asked the district court "to consider something at the low end of the Guideline[s] range." *Id.* at 6. Counsel briefly argued the 2017 conviction was not highly relevant because it was "close to ten years old" and the PSR did not show Mr. Carvajal-Andujar was required to "register[] as a sex offender." *Id.* Counsel also argued Mr. Carvajal-Andujar deserved a lower sentence because he had "worked with children" as "a baseball coach." *Id.* And counsel pointed out that Mr. Carvajal-Andujar returned to the United States because he wanted to rejoin his wife and son, who live in New York.

The court then asked Mr. Carvajal-Andujar, "what would you like to say before you're sentenced?" *Id.* at 6–7. In response, Mr. Carvajal-Andujar discussed his 2017 conviction. He stated that the victim in the case had come to him and asked him to help her pay rent, and when he refused to give her as much money as she requested, "she made a big fuss about it." *Id.* at 7. He claimed that the victim later "signed an affidavit withdrawing all of the charges" against him, and that although his attorney advised him to plead guilty, he went to trial to prove he was innocent. *Id.* at 7–8. He asserted he was

4

convicted of the kidnapping and indecent-assault charges only because the prosecution "didn't want to lose." *Id.* at 8. Additionally, Mr. Carvajal-Andujar noted that after he was removed in 2022, he tried to make positive contributions to society by teaching young children how to play baseball in Mexico City. *Id.*

After Mr. Carvajal-Andujar finished speaking, the district court said, "Thank you, sir. I'm giving you 30 months in custody." *Id.* at 9. The district court adopted the PSR's factual findings and stated it had "considered the Sentencing Guideline[s'] applications and the [§] 3553(a) factors." *Id.* The court noted that the Mr. Carvajal-Andujar's offense level was 15, his criminal history category was III, and his Guidelines range was 24 to 30 months. The court identified the offense of conviction, noting Mr. Carvajal-Andujar had reentered the country "after previously being deported, subsequent to an aggravated felony conviction." *Id.* And the district court ordered that Mr. Carvajal-Andujar be "committed to the custody of the Bureau of Prisons for a term of [30] months," with no supervised release. *Id.*

The district court gave no further explanation of its sentence, and Mr. Carvajal-Andujar's counsel did not object to the explanation provided. Afterwards, Mr. Carvajal-Andujar filed this timely appeal.

## II.    JURISDICTION

The district court had jurisdiction over the charge of illegal reentry brought under 8 U.S.C. § 1326. *See* 18 U.S.C. § 3231. This court has jurisdiction over Mr. Carvajal-Andujar's appeal under 28 U.S.C. § 1291.

5

## III.     DISCUSSION

Mr. Carvajal-Andujar has not established that his sentence is procedurally unreasonable. Mr. Carvajal-Andujar presents two central arguments against his sentence. First, he argues the ten-level sentencing enhancement applied to his Guidelines range is only applicable against a defendant who served five years or more in custody for a past conviction. As such, he asserts that the district court erroneously applied the enhancement against him based on his 2017 conviction—for which he received an indeterminate sentence of four and half to six and half years—because no evidence showed that he served five years in custody. Second, he argues his sentence is procedurally unreasonable because the district court did not adequately explain his sentence. We address each argument in turn after discussing the threshold issue of the applicable standard of review.

### A.     *Standard of Review*

At the outset, we must determine whether to review these issues for abuse of discretion or plain error, which turns on whether Mr. Carvajal-Andujar preserved his arguments by raising them before the district court. *See United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013) (explaining that an issue "not contemporaneously raised" with the district court is "subject to plain error review"). Mr. Carvajal-Andujar argues he preserved both issues. He asserts that he preserved his sentencing-enhancement argument by "challeng[ing] the sufficiency of the prior conviction and the court's reliance on it in imposing a maximum [Guidelines] sentence of 30 months." Appellant's Br. at 9. And he claims to have preserved his inadequate-explanation argument because his "trial counsel argued for a sentence at the low end of the [Guidelines] range." *Id.* at 16.

6

There are generally "two species of preservation issues that arise from a litigant's conduct in the trial court: forfeiture and waiver." *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1180 (10th Cir. 2023). Forfeiture occurs when a party fails to raise an argument because "of inadvertence or ignorance of a legal issue," whereas waiver occurs when a party makes an argument on appeal that it previously had chosen not to advance. *Id.* Our core inquiry when deciding if an issue was forfeited is "whether the district court was adequately alerted to the issue." *United States v. Harrison*, 743 F.3d 760, 763 (10th Cir. 2014). Any "arguments not raised before the district court are forfeited on appeal" and are reviewed only for plain error. *United States v. Garcia*, 936 F.3d 1128, 1131 (10th Cir. 2019).

Mr. Carvajal-Andujar forfeited both arguments he presents on appeal. Although he argued before the district court that the 2017 conviction was not highly relevant, at no point did he indicate that his 2017 conviction was an insufficient predicate for the sentencing enhancement. He did not object to the PSR's Guidelines calculation applying the sentencing enhancement, and he did not object to the district court's Guidelines calculation at the sentencing hearing.

Similarly, Mr. Carvajal-Andujar did not object to the district court's explanation of his sentence. To avoid forfeiting his inadequate-explanation argument, Mr. Carvajal-Andujar had to object "after the court had rendered sentence." *United States v. Gantt*, 679 F.3d 1240, 1246–47 (10th Cir. 2012). Such a contemporaneous objection to the adequacy of the district court's explanation would have allowed the district court to

supplement its explanation, "obviating any need for an appeal." *United States v. Lopez-Flores*, 444 F.3d 1218, 1221 (10th Cir. 2006).

We therefore will review both arguments for plain error. To show plain error, Mr. Carvajal-Andujar must establish that "(1) the district court committed error; (2) the error was plain—that is, it was obvious under current well-settled law; (3) the error affected [his] substantial rights; and (4) the error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Gantt*, 679 F.3d at 1246 (second alteration in original) (internal quotation marks omitted).

The Government goes one step further and argues we should not review either argument because Mr. Carvajal-Andujar waived them by not arguing plain error in his opening brief. To be sure, "if a defendant does not argue for plain error in his opening brief on appeal, he waives any plain error argument." *Garcia*, 936 F.3d at 1131. But this rule is not absolute. When a defendant makes "a substantive effort to address the government's waiver argument and plead plain error in [the] reply, our caselaw does not mandate we stuff our fingers in our ears and hum loudly." *United States v. McBride*, 94 F.4th 1036, 1045–46 (10th Cir. 2024); *see also United States v. Zander*, 794 F.3d 1220, 1232 n.5 (10th Cir. 2015) (reviewing plain-error arguments raised for the first time in the reply brief). In his opening brief, Mr. Carvajal-Andujar argues that he had preserved both arguments and thus does not address plain error. But in response to the Government's argument for plain error, Mr. Carvajal-Andujar fully addresses plain error in his reply. Accordingly, we exercise our discretion to review Mr. Carvajal-Andujar's forfeited arguments in this case, where both parties have briefed these issues under the

8

plain-error standard. *See McBride*, 94 F.4th at 1046 (noting we will review plain-error arguments presented for the first time in a reply brief only if doing so will not short-circuit "the adversarial process").

### B.    The Sentencing Enhancement

The district court did not commit a procedural error by applying a ten-level sentencing enhancement based on Mr. Carvajal-Andujar's 2017 conviction for kidnapping and indecent assault. The district court applied this enhancement pursuant to U.S.S.G. § 2L1.2, which provides that ten levels must be added to a defendant's offense level "[i]f, after the defendant was . . . removed from the United States for the first time, the defendant" was convicted of a felony "for which the sentence imposed was five years or more." U.S.S.G. § 2L1.2(b)(3)(A). Mr. Carvajal-Andujar argues the district court erroneously applied this enhancement because the Government did not show that he *served* five years in custody for his 2017 conviction, but only that he received an indeterminate sentence of four and a half to six and a half years.

The Guidelines themselves rebut Mr. Carvajal-Andujar's argument that he must have "actually served" a sentence of five years or more to merit an enhancement under § 2L1.2. An enhancement under § 2L1.2(b)(3)(A) must be applied against defendants with prior felony convictions for which "the sentence imposed was five years or more." The phrase "sentence imposed" bears the same "meaning given the term 'sentence of imprisonment' in Application Note 2 and subsection (b) of § 4A1.2." *Id.* § 2L1.2, comment. (n.2). Turning then to § 4A1.2, this Guideline directly states that "the *length* of a sentence of imprisonment is the stated maximum." *Id.* § 4A1.2, comment. (n.2)

(emphasis added). Or stated differently, the length of a sentence under the Guidelines is "based on the sentence pronounced, *not* the length of time actually served." *Id.* (emphasis added). Furthermore, § 4A1.2 states as an example that for "an indeterminate sentence of one to five years, the stated maximum is five years." *Id.* In short, the Guideline plainly instructs that an indeterminate sentence's length is the maximum sentence imposed, not the time a defendant actually serves for that sentence. *See United States v. Garibay-Anguiano*, 90 F. App'x 338, 341 (10th Cir. 2004) (unpublished) (following decisions from other circuits to "hold that the term 'sentence imposed' means the maximum term of imprisonment given to a defendant at sentencing, not the actual time served").[1]

In support of his argument, Mr. Carvajal-Andujar points to a single sentence in § 4A1.2 that states: "To qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment." U.S.S.G. § 4A1.2, comment. (n.2). But this sentence requires only that a defendant serve some portion of his or her sentence before it can *qualify* as a sentence of imprisonment, which reflects that a fully suspended sentence does not count as a sentence of imprisonment. *Id.* § 4A1.2(b)(2); *see United States v. Huyoa-Jimenez*, 623 F.3d 1320, 1324 (10th Cir. 2010) (holding "that a defendant whose entire sentence was suspended and who, therefore, has not 'actually served a period of imprisonment' has had no 'sentence imposed'" within the meaning of U.S.S.G. § 2L1.2). This requirement that a defendant serve some portion of his or her sentence does not alter

---

[1] We cite unpublished cases for their persuasive value only and do not treat them as binding authority. *See United States v. Ellis*, 23 F.4th 1228, 1238 n.6 (10th Cir. 2022).

the *maximum length* of that sentence, which is the measure plainly used to determine whether a prior conviction supports a § 2L1.2 enhancement. *See* U.S.S.G. § 4A1.2, comment. (n.2).

Accordingly, the district court did not err by finding that Mr. Carvajal-Andujar was convicted of a felony "for which the sentence imposed was five years or more," U.S.S.G. § 2L1.2(b)(3)(A), based on his 2017 conviction for which the maximum sentence was six and a half years.[2]

### C.    *Insufficient Explanation of Sentence*

The district court also did not commit a procedural error by providing a brief explanation for Mr. Carvajal-Andujar's within-Guidelines sentence. Mr. Carvajal-Andujar asserts that the district court's explanation was inadequate because (1) the district court did not explain how individual § 3553(a) factors justified the 30-month sentence, and (2) the court "did not meaningfully address mitigating factors" or explain why his criminal history "justified selecting the maximum sentence for a first-time reentry charge." Appellant's Br. at 18. Altogether, he asserts that the "court's failure to

---

[2] We also reject Mr. Carvajal-Andujar's argument that because the conduct underlying his 2017 conviction "occurred nearly a decade ago," the conviction is too remote to serve as a predicate for the ten-level enhancement. Appellant's Br. at 13. Sentencing enhancements under § 2L1.2 are based on "convictions that receive criminal history points." U.S.S.G. § 2L1.2, comment. (n.3). Convictions receive criminal history points if they were "imposed within fifteen years of . . . the instant offense." *Id.* § 4A1.2(e)(1). Because Mr. Carvajal-Andujar's 2017 conviction falls within this fifteen-year window, it was a proper predicate for a sentencing enhancement under § 2L1.2.

adequately consider the [] § 3553 factors or to articulate specific reasons for imposing a high-end sentence constitutes procedural error." *Id.* at 19.

This argument fails under controlling caselaw. In *Rita v. United States*, 551 U.S. 338 (2007), the defendant argued that the district court inadequately explained "the reasons for its imposition of the particular sentence." *Id.* at 356 (quoting 18 U.S.C. § 3553(c)). There, the district court had listened to the defendant's mitigating arguments, had considered "supporting evidence" presented by the defendant, and then simply found a within-Guidelines sentence was "appropriate." *Id.* at 358. The district court did not explain how it weighed each § 3553(a) factor or why the defendant's mitigating arguments did not justify a lower sentence. *Id.*

In holding that this explanation was sufficient, the Supreme Court "acknowledge[d] that the judge might have said more." *Id.* at 359. The district judge "might have added explicitly that he had heard and considered the evidence and argument," or might have spelled out why the defendant's "personal circumstances [] were simply not different enough to warrant a different sentence." *Id.* But although the district court *could* have said more, further explanation was not required when "the record [made] clear that the sentencing judge considered the evidence and arguments." *Id.* at 359–40. Put simply, "when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Id.* at 356.

Our precedent is in accordance with *Rita*. In *United States v. Nunez-Carranza*, 83 F.4th 1213 (10th Cir. 2023), we considered a procedural challenge to a district court's explanation for a within-Guidelines sentence. There, the defendant was convicted of

illegal reentry, and his Guidelines range was 51 to 63 months. *Id.* at 1216. The defendant asked the district court for a below-Guidelines sentence, and the government asked the court for a low-Guidelines sentence. *Id.* at 1217. At the sentencing hearing, defense counsel argued that the defendant reentered the country only because he wanted to rejoin his son, who lived in California. *Id.* The district court engaged in a brief colloquy with the defendant and then pronounced a sentence in a manner almost identical to the present case: the court adopted the PSR's factual findings, stated it had considered the § 3553(a) factors, noted the Guidelines range and the offense of conviction, and pronounced a low-Guidelines sentence of 51 months. *Id.* at 1217–18.

On appeal, we held that the defendant's "challenge to his sentence fails at the first step of the plain-error analysis because the sentencing court did not err by failing to explain adequately why [it] rejected his request for a below-[Guidelines] sentence." *Id.* at 1218. In so deciding, we explained that this court will typically affirm a within-Guidelines sentence if the record shows the district court "(1) entertained the defendant's argument for a downward variance; (2) considered the [] § 3553(a) sentencing factors, which include the calculation of the advisory sentencing range under the [G]uidelines; and (3) concluded that a within-[Guidelines] sentence is appropriate in light of the § 3553(a) factors." *Id.* at 1222. Applying that standard, we held that the district court's explanation was adequate because it (1) considered the defendant's "argument for a below-Guideline[s] sentence," (2) "stated that it considered the § 3553(a) factors," (3) "stated that it had considered the PSR, which itself analyzed the § 3553(a) factors

13

before recommending a within-[Guidelines] sentence," and (4) briefly discussed the defendant's criminal history at the sentencing hearing. *Id.* at 1222–23.

Mr. Carvajal-Andujar attempts to distinguish *Nunez-Carranza*, arguing that there we stated district courts are still required to address "nonfrivolous argument[s] for leniency." Reply Br. at 13. But Mr. Carvajal-Andujar's mitigating arguments are no more substantial than the arguments presented in *Nunez-Carranza*. There, the defendant (1) argued his prior convictions from 2003 and 2008 were remote; (2) asserted that he reentered the country only to rejoin his son in California; and (3) downplayed the seriousness of his criminal record when talking to the court. *See Nunez-Carranza*, 83 F.4th at 1217. We held the district court did not commit procedural error when it did not directly address these arguments. *Id.* at 1222–23. By comparison, Mr. Carvajal-Andujar argued to the district court that (1) his 2017 conviction was remote; (2) he reentered the country only to rejoin his family in New York; (3) he was not a danger to society because he had taught children to play baseball in Mexico City, and (4) he was wrongly convicted of kidnapping and indecent assault in 2017. Just as the district court in *Nunez-Carranza* did not commit a procedural error by not expressly addressing such mitigating arguments, so too the district court here was not required to spell out why Mr. Carvajal-Andujar's pastime of coaching baseball did not justify a more lenient sentence.

Here, the record demonstrates that the district court considered Mr. Carvajal-Andujar's arguments for a low-Guidelines sentence; stated that it had reviewed the PSR; adopted the PSR's factual findings; stated that it had considered the § 3553(a) factors;

14

and then decided that a sentence at the top of the Guidelines range was appropriate. As Mr. Carvajal-Andujar argues, the district court "might have said more." *Rita*, 551 U.S. at 359. But it was not *required* to say more under our precedent. *Rita*, 551 U.S. at 358; *Nunez-Carranza*, 83 F.4th at 1222. Accordingly, we hold that the district court's explanation was procedurally reasonable.

## IV.    CONCLUSION

For the reasons above, we AFFIRM the district court's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge